Aron Steuer, J.
Defendant moves to dismiss the complaint. According to the pleadings the defendant is a manufacturer of cosmetics. Plaintiff was in the business of decorating and labeling containers, particularly glass bottles used by the cosmetic trade. Defendant had delivered a large number of such bottles to plaintiff for such work. While the bottles were on plaintiff’s premises and, as plaintiff claims, after the work on them was done a fire broke out in which the bottles were destroyed. Plaintiff sues for the value of the work done. Defendant resists the claim and, alleging that the fire was due to plaintiff’s negligence, counterclaims for the value of the bottles.
The case was reached for trial and was in a Trial Part when it was discovered that plaintiff had filed a voluntary petition in bankruptcy, had scheduled its claim as an asset but had not included defendant’s claim as a liability. An adjournment was granted in order to substitute the trustee in bankruptcy as plaintiff. The trustee applied in the bankruptcy proceedings for permission to continue the suit and this was granted. He then moved in this court to be substituted as plaintiff in this action. This application was resisted by defendant. For reasons that need not be gone into here the motion was denied.
It is defendant’s contention that ownership of the action has passed from the plaintiff to the trustee so that the former is no longer a party in interest. The trustee has been refused permission to proceed on the claim. So that, consequently, no one being in a position to maintain the action, it must fall.
While quite a bit has been said on subjects that would have been relevant on the motion by the trustee to be substituted only one suggestion has been made in regard to the situation as it now stands. And that is that the order denying leave is currently on appeal to the Appellate Division. It is argued that that fact makes this application premature. Of course, it does not. Special Term is quite frequently faced with situations where reversal of an outstanding order would naturally affect the status of a case. It is not thereby debarred from acting and conscientiously it cannot refuse to act pending the outcome of the appeal. The proper procedure is to proceed on the basis of the existing status but to allow an application to vacate if the action on the appeal so warrants.
Motion is granted with leave to plaintiff to move to vacate this order if the prior order denying the trustee’s application to be substituted is reversed.